UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KESARIO JOHNSON,

                Petitioner,

v.                                       Case No. 3:19-cv-330-MMH-JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                Respondents.

_____

## ORDER

### I. Status

Petitioner Kesario Johnson, an inmate of the Florida penal system, initiated this action on March 14, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Johnson challenges a 2007 state court (Duval County, Florida) judgment of conviction for first degree murder, attempted armed robbery, attempted second degree murder, and shooting or throwing deadly missiles. He raises seven grounds for relief. See Petition at 4-14. Respondents have submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely. See Motion to

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Dismiss (Response; Doc. 10). They also submitted exhibits. See Docs. 10-1

through 10-8.  Johnson filed a brief in reply. See Reply (Doc. 20). This action is

ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

imposes a one-year statute of limitations on petitions for writ of habeas corpus.

Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could

> > have been discovered through the exercise of due diligence.
>
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Johnson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d), and Johnson argues that he did timely file his Petition. See Reply at 2; see also Petition at 16. The following procedural history is relevant to the one-year limitations issue. On February 2, 2006, the State of Florida charged Johnson, by Indictment in Duval County case number 16-2006-CF-001602-BXXX-MA, with first degree murder, attempted armed robbery, attempted first degree murder, shooting or throwing deadly missiles, possession of a firearm by a convicted felon, and possession of a firearm by a juvenile delinquent found to have committed a felony act. See Doc. 10-1 at 35-37. On April 20, 2007, at the conclusion of a trial, the jury found Johnson guilty of first degree murder (count one), attempted armed robbery (count two), attempted second degree murder (count three), and shooting or throwing deadly missiles (count four). See Doc. 10-2 at 138-43, Verdict. On June 28, 2007, the circuit court sentenced Johnson to life

imprisonment for count one, and terms of imprisonment of twenty years for count two, thirty years for count three, and fifteen years for count four. See id. at 151-59, Judgment.

On direct appeal, Johnson, with the benefit of counsel, filed an initial brief. See Doc. 10-6 at 367-80. The State filed an answer brief, see id. at 382-404, and Johnson filed a counseled amended reply brief, see id. at 414-20. On August 11, 2008, the First District Court of Appeal (First DCA) affirmed Johnson's convictions and sentences, see id. at 422, and the mandate issued on August 27, 2008, see Doc. 10-7 at 6.

As Johnson's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Johnson's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Therefore, the time for Johnson to file a petition for writ of certiorari expired on Monday, November 10, 2008 (ninety days after August 11, 2008). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam

4

decision). Accordingly, Johnson had until November 10, 2009, to file a federal habeas petition. He did not file the instant Petition until March 14, 2019.[3] Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on November 12, 2008 (after November 11th Veterans Day), and ran for 257 days until July 27, 2009, when Johnson filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. See Doc. 10-6 at 426-35. The circuit court denied the motion on December 8, 2017.[4] See id. at 437-39. The First DCA affirmed the circuit court's denial per curiam on April 3, 2018, see Doc. 10-7 at 18, and issued the mandate on June 6, 2018, see id. at 27.[5]

The one-year limitations period began to run again the next day, June 7, 2018, and ran for 280 days until March 14, 2019, when Johnson filed his Petition. Given the record, Johnson's Petition is untimely filed, and due to be

---

[3] Under the prison mailbox rule, a petition is considered to be filed on the date it is delivered to prison authorities for mailing, which is presumed to be the date that the petitioner signed and dated it (absent evidence to the contrary). Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam).

[4] The circuit court explained the lengthy delay in ruling on the motion. See Doc. 10-6 at 437, Order Denying Defendant's Motion to Correct Illegal Sentence at 1, n. 1.

[5] Johnson filed other post-conviction motions that the courts addressed during the pendency of his Rule 3.800 motion. See Doc. 10-7 at 31-64 (petition for writ of habeas corpus); see also Docs. 10-7 at 67-372; 10-8 (Rule 3.850 proceedings).

dismissed unless Johnson can establish that equitable tolling of the statute of limitations is warranted. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Johnson to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In the Petition, Johnson asserts that he may be entitled to equitable tolling because he "can hardly read, let alone write, which caused a significant delay." Petition at 16. Upon review, the Court finds that Johnson has not

demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition. Indeed, the Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, pro se litigants, like other litigants, "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

Johnson simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Johnson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Johnson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274,

282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.      Respondents' request to dismiss (Doc. 10) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment dismissing this case with prejudice.

8

3.      If Johnson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 11/3
c:
Kesario L. Johnson, FDOC #129256
Counsel of Record